```
               UNITED STATES DISTRICT COURT
                 DISTRICT OF CONNECTICUT

ANGELOPE BENNETT,                 :
     Plaintiff,                   :
v.                                :    CASE NO. 3:09CV2139 (RNC)
OFFICER R. PASCONE and            :
OFFICER F. DELBUONO,              :
     Defendants.                  :
```

RULING AND ORDER

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against Bridgeport police officers Robert Pascone and Frank Delbuono in their individual capacities claiming a violation of his right to be free from malicious prosecution.[1]  Defendants have moved for summary judgment contending that the prosecution of the plaintiff was supported by probable cause and there is no evidence of actual malice.  I agree with the defendants that their action was supported by probable cause and therefore grant the motion.

I.   Summary Judgment

Summary judgment may be granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Celotex Corp. v. Catrett, 477 U.S.

---

[1] The complaint also includes § 1983 claims for excessive force and false arrest in violation of the Fourth Amendment but those claims have been dismissed by agreement as time-barred leaving only the malicious prosecution claim.

317, 322 (1986).  To avoid summary judgment, the plaintiff must point to evidence that would permit a jury to return a verdict in his favor.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 252 (1986).  In determining whether this standard is met, the evidence must be viewed in the light most favorable to the plaintiff.  <u>Id.</u> at 255.

II.  <u>Facts</u>

The parties' submissions establish the following relevant facts.  On December 16, 2006, at approximately 12:52 a.m., the defendants were on duty in a patrol car on Railroad Avenue in Bridgeport.  They heard calls over the radio that a dark colored van had been reported leaving the scene of a burglary and that the van was traveling south on Wordin Avenue.  The radio dispatcher stated that a civilian named Jose had reported that two black males had just broken into a construction site and placed construction equipment in the van.

On reaching the intersection of Railroad Avenue and Wordin Avenue, the defendants saw a van fitting the dispatcher's description.  They activated their emergency lights and siren in an attempt to conduct an investigative stop.  The plaintiff was driving the van accompanied by his brother Jimmy.  The van pulled to the side of the road in apparent compliance with the officers' attempt to conduct a stop.  As the defendants prepared to exit the patrol car, however, the van sped away and drove onto I-95.

After a chase, the van left the highway and the vehicle pursuit came to an end.  Plaintiff's brother then tried to run away but he was apprehended.

Following the apprehension of the plaintiff and his brother, a police sergeant returned to the location of the reported burglary.  He reported to the defendants what he found at the construction site.  He stated that doors and windows at the site were locked and a door had been forced open.  A search of the plaintiff's van revealed an air compressor, chain saw, electric jack hammer, laser transit and nail gun.

The defendants arrested the plaintiff and his brother and prepared a report of the incident.  The charges against the plaintiff and his brother, as set forth in the report, were: burglary third under Conn. Gen. Stat. § 53a-103; larceny second under Conn. Gen. Stat. § 53a-123; criminal mischief second under Conn. Gen. Stat. § 53a-116; interfering with police under Conn. Gen. Stat. § 53a-167; reckless operation of a vehicle under Conn. Gen. Stat. § 14-222a; and engaging police in pursuit under Conn Gen. Stat. § 223b.  The report was signed the day of the plaintiff's arrest (i.e. December 16, 2006).

After the report was prepared, Officer Delbuono had no further involvement in the case.  On or about December 18, 2006, Officer Pascone returned to the location of the reported break-in.  While there, he spoke with the owner of the construction

company, who reported that one of his buildings had been broken into on or about December 16. After this interview, the case was turned over to the state's attorney and Officer Pascone had no further involvement in the matter.

In June 2007, the plaintiff's brother pleaded guilty to the charge of burglary third. In September 2007, the plaintiff pleaded guilty to the charges of interfering with police and engaging police in pursuit. The other charges against the plaintiff were nolled.

III. Discussion

In order to prevail on his Fourth Amendment claim under § 1983, the plaintiff must establish the following elements of a malicious prosecution claim under Connecticut law: (1) the defendants initiated or procured a criminal proceeding against him, (2) the criminal proceeding has terminated in his favor, (3) the defendants acted without probable cause, and (4) the defendants acted with actual malice, primarily for a purpose other than that of bringing an offender to justice. See Salatto v. City of Milford, No. 3:08cv1071 (MRK), 2012 WL 774612, at *9 (D. Conn. Mar. 7, 2012). In moving for summary judgment, defendants do not dispute the first two elements.[2] With regard

---

[2] Under Connecticut law, a nolle may be sufficient to satisfy the second element of a malicious prosecution claim. Salatto, 2012 WL 774612, at *9. "However, if a *nolle* is entered as part of a plea bargain or other arrangement with a defendant, it will preclude a subsequent action for malicious prosecution."

4

to the other two elements, the defendants contend that the plaintiff cannot prove that they acted without probable cause or with actual malice.  Plaintiff concedes that defendants had reasonable suspicion warranting the investigative stop.  However, he contends that by the time the defendants charged him, there was no probable cause to prosecute him for burglary, larceny and criminal mischief.

Plaintiff argues that "by the time [the defendants] charged him there not only was no probable cause to prosecute him for burglary or larceny, it was clear he actually was innocent of those charges."  Pl.'s Mem. in Opp'n to Summ. J. at 6.  This argument implies that after the defendants prepared their report of the incident, but before the plaintiff was arraigned, the defendants obtained exculpatory information establishing that the charges of burglary, larceny and criminal mischief lacked probable cause.  It is true that under Connecticut law, whether probable cause existed must be measured as of the time the judicial proceeding commenced against the plaintiff, rather than the time of his warrantless arrest.  See Luzzi, 2011 WL 6780968,

---

Id.; see also Holman v. Cascio, 390 F. Supp. 2d 120, 123-24 (D. Conn. 2005).  It is unclear whether the charges at issue in this case were nolled pursuant to a plea bargain.  But the defendants do not seek summary judgment on the ground that the plaintiff cannot satisfy the second element of his claim.  Accordingly, I assume without deciding that this element is satisfied.  See Luzzi v. Hirsch, No. 3:10cv481 (MRK), 2011 WL 6780968, at *7 (D. Conn. Oct. 20, 2011).

at *7.  It is undisputed, however, that the defendants prepared the incident report the day of the arrest, Officer Delbuono had no further involvement in the matter, and Officer Pascone's involvement ended two days later following his interview of the owner of the construction company where the reported break-in was confirmed.  There is no allegation or evidence that exculpatory evidence became known to either officer following the preparation of the report.  In this situation, the plaintiff's claim that the officers acted without probable cause is properly tested by considering the information known to them when they prepared the report.  See D'Angelo v. Kirschner, 288 F. App'x 724, 726 (2d Cir. 2008) ("Ordinarily, in the absence of exculpatory facts which became known after an arrest, probable cause to arrest is a complete defense to a claim of malicious prosecution."); see also Kennedy v. Chamberland, No. 3:07-CV-214 (RNC), 2010 WL 1286789, at *6 (Mar. 30, 2010).

    The undisputed facts set forth above would require a jury to find that the officers had probable cause for the disputed charges when the report containing the charges was prepared soon after the plaintiff's arrest.  The plaintiff concedes that the investigative stop of his van was justified by reasonable suspicion and that the van was the one involved in the reported burglary.  The plaintiff's flight to avoid apprehension, the sergeant's report that a door had been forced open at the scene

of the reported break-in, and the equipment found in the plaintiff's van, taken together, provided probable cause for each of the charges. Indeed, the plaintiff does not really dispute this. He appears to rely instead on the implied claim discussed above that the officers obtained exculpatory information establishing a lack of probable cause. Because that claim lacks evidentiary support, summary judgment is appropriate.[3]

IV. Conclusion

Accordingly, the defendants' motion for summary judgment is hereby granted. The Clerk may close the file.

So ordered this 1st day of April 2013.

/s/RNC
Robert N. Chatigny
United States District Judge

---

[3] Plaintiff alleges that the defendants' report of the incident contains false statements concerning the circumstances of his apprehension. However, those statements have no bearing on the issue of probable cause.